United States District Court
Southern District of Texas
**ENTERED**
June 25, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| **OCIEL CASTANEDA** § | |
| § | |
| Petitioner, § | MISC. ACTION NO. 7:17-MC-01836 |
| V. § | CIVIL ACTION NO. 7:18-CV-00017 |
| § | |
| **LORIE DAVIS, Director,** § | |
| **Texas Department of Criminal Justice,** | |
| **Correctional Institutions Division,** | |
| | |
| Respondent. | |

## REPORT AND RECOMMENDATION

Before the Court are two federal habeas motions, construed as petitions filed pursuant to 28 U.S.C. § 2254, filed by a pro se state prisoner, Ociel Castaneda. Petitioner filed his first petition on October 16, 2017, and it was docketed by the clerk on October 19, 2017 (Case No. 7:17-MC-01836). Petitioner did not properly date his second petition, but it was docketed by the clerk on November 27, 2017 (Case Nos. 7:17-MC-2050, 7:18-CV-00017). Petitioner successfully paid his $5 filing fee for the second petition. No *in forma pauperis* paperwork was submitted and no filing fee was paid in the first case. The first petition has not moved beyond the *in forma pauperis* proceeding stage.

Petitioner raises five claims in his first habeas petition (access to evidence, witness violations, jury instruction error or jury bias, double jeopardy, and ineffective assistance of counsel) but only four in his second—abandoning one claim (regarding double jeopardy) entirely. Petitioner additionally abandons two of his sub-claims under his jury bias claim (regarding inflammatory media stories and alleged bias on behalf of the trial court judge). Petitioner gives no explanation as to why he filed a second petition. In his second petition,

Petitioner incorrectly indicates that he does not have any pending petitions in state or federal court. (Case No. 7:18-CV-00017, Dkt. No. 1 at 3-4). Given that Petitioner has evidenced some desire to proceed with his later-filed petition by the payment of his filing fee, while the first petition has been left in non-payment limbo, the question at hand is whether the Court should construe Petitioner's second-filed petition as a request to consolidate with the first, or whether the second petition should be treated as an amended petition.

It should first be noted that Petitioner's second-filed petition is not a successive petition. In general, "a later petition is successive when it: (1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ." *Crone v. Cockrell*, 324 F.3d 833, 836-37 (5th Cir. 2003). A petition that is literally second in time is not necessarily a second or successive application for purposes of the AEDPA. *Id.*; *see also Littlejohn v. Artuz*, 271 F.3d 360, 362 (2d Cir. 2001) ("In the context of a writ of habeas corpus, before a motion or petition can be regarded as successive, there must be some prior adjudication on the merits or a dismissal with prejudice."); *In re Cain*, 137 F.3d 234, 235-36 (5th Cir. 1998) (citing *Thomas v. Superintendent/Woodbourne Corr. Facility*, 136 F.3d 227, 229 (2d Cir. 1997) (considering if petition was "second or successive" by asking whether the prior petition was dismissed with prejudice and whether the instant petition attacks the same judgment that was attacked in the prior petition). "[A]buse of the writ" principles largely revolve around a petitioner raising new claims that could have been raised earlier. *Cockrell*, 324 F.3d at 836-37. Petitioner's first habeas petition has not yet been dismissed by the court, and Petitioner does not raise any new claims in his second petition.

Rule 12 of the Rules Governing Section 2254 Cases, permits application of the Federal Rules of Civil Procedure in habeas cases "to the extent that [the civil rules] are not inconsistent

with any statutory provisions or [the habeas] rules." *Mayle v. Felix*, 545 U.S. 644, 654 (2005) (addressing relation back of habeas corpus petition amendments); *see also* Fed. R. Civ. P. 81(a)(4) (The civil rules "apply to proceedings for habeas corpus . . . ."). 28 U.S.C. § 2242 specifically provides that habeas applications "may be amended or supplemented as provided in the rules of procedure applicable to civil actions."

Therefore, the Court can utilize Federal Rule Civil Procedure 15 when considering motions to amend or supplement a habeas petition. *Mayle*, 545 U.S. at 655. Rule 15 declares that leave to amend "shall be freely given when justice so requires." However, leave to amend is by no means automatic. *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir.1981). The decision to grant or deny a motion for leave to amend lies within the sound discretion of the trial court. *Id.*

Federal Rule of Civil Procedure 42 provides that if actions "involve a common question of law or fact," the Court may "consolidate the actions" or "issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). The decision to consolidate actions under Rule 42(a) is "entirely within the discretion of the district court as it seeks to promote the administration of justice." *Gentry v. Smith*, 487 F.2d 571, 581 (5th Cir. 1973). "In this Circuit, district judges have been 'urged to make good use of Rule 42(a) . . . in order to expedite the trial and eliminate unnecessary repetition and confusion.'" *Id.* "The Court has broad discretion to decide whether consolidation is desirable under Rule 42(a) and may even consolidate cases *sua sponte*." *Morrison v. Amway Corp.*, 186 F.R.D. 401, 402 (S.D. Tex. 1998); *Frazier v. Garrison I.S.D.*, 980 F.2d 1514, 1531 (5th Cir. 1993) ("Federal district courts have very broad discretion in deciding whether or not to consolidate."). "A court may order the consolidation of cases despite the opposition of the parties." *In re Air Crash Disaster at Florida Everglades on Dec. 29, 1972*

*v. Eastern Air Lines, Inc.*, 549 F.2d 1006, 1013 (5th Cir. 1977). The Court's determination may even "take precedence over the desires of counsel." *Id.* at 1014.

Petitioner's filings are unusual in that he drops or abandons claims in his second petition, rather than raising additional claims. Petitioner expresses apparent confusion in the filing of his second petition, evincing his belief that he either did not file the earlier petition, or otherwise does not have an already pending petition. While it may be appropriate to construe Petitioner's second-filed petition as an amended petition, this would result in the abandonment of an entire claim and two sub-claims raised in his first petition. To avoid this result, in the interest of the administration of justice, it is recommended that these cases be consolidated.

"Factors for the court to consider in deciding if consolidation is appropriate include the following: (1) whether the actions are pending before the same court, (2) whether common parties are involved in the cases, (3) whether there are common questions of law and/or fact, (4) whether there is risk of prejudice or confusion if the cases are consolidated, and if so, is the risk outweighed by the risk of inconsistent adjudications of factual and legal issues if the cases are tried separately, and (5) whether consolidation will conserve judicial resources and reduce the time and cost of trying the cases separately." *See Zolezzi v. Celadon Trucking Servs. Inc.*, No. H-08-3508, 2009 WL 736057 *1 (S.D. Tex. Mar. 16, 2009); *Russo v. Alamosa Holdings, Inc.*, No. 5:03-CV-0289-C, 2004 WL 579378, at *1 (N.D. Tex. Feb. 27, 2004) (collecting circuit cases for list of appropriate factors); *Harris v. Bexar Cty.*, No. SA-08-CV-728-XR, 2009 WL 4059092, at *1 (W.D. Tex. Nov. 23, 2009) (analyzing factors). The Court also considers whether the cases are at the same stage in their respective proceedings. *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 762 (5th Cir. 1985) (consolidation may properly be denied in instances in which the cases are at different stages of preparedness for trial).

With regard to the first factor, both cases are pending before the United States District Court for the Southern District of Texas, McAllen Division. The second factor weighs in favor of consolidation, because there are two common parties, Petitioner and Lorie Davis, director of the Texas Department of Criminal Justice, Correctional Institution Division. The third factor, involving common questions of law or fact, also weighs in favor of consolidation. The first two claims in both petitions are identical, word-for-word. Aside from the claims that were dropped entirely from the first to the second petition, the remaining legal claims are almost indistinguishable, although some phrases are reworded. In other words, the Court will have to address the same underlying questions of fact or law for the overlapping claims.

Turning to the fourth factor, the Court must determine whether there is risk of prejudice or confusion if the cases are consolidated, and if so, whether the risk is outweighed by the risk of inconsistent adjudications of factual and legal issues if the cases are addressed separately. The undersigned finds no indication of prejudice or confusion if the cases are consolidated. The fifth factor also weighs in favor of consolidation, as it would be an effective use of judicial resources to consolidate these petitions. Lastly, the cases are not at the exact same stage in the proceedings as of this moment—as stated, the first action has not proceeding beyond the *in forma pauperis* proceeding stage—but the State has not yet addressed either petition. After consolidation, both cases will be ready for the State's response. The factors, on balance, weigh in favor of consolidation.

## **CONCLUSION**

### *Recommended Disposition*

Petitioner's request to proceed *in forma pauperis* with respect to his initially filed action, No. 7:17-MC-1836, is **DENIED** as moot. It is recommended that the Clerk of Court be directed

to close Case No. 7:17-MC-1836 and **CONSOLIDATE** Petitioner's § 2254 proceedings, with Case No. 7:18-CV-00017 as the lead case, pursuant to Federal Rule of Civil Procedure 42(a).

### *Notice to the Parties*

Within fourteen days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations. 28 U.S.C. § 636(b)(1)(C); Federal Rules of Civil Procedure, Rule 72(b). Failure to file written objections within fourteen days after service shall bar an aggrieved party from de novo review by the District Court on an issue covered in this report and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of clear error or manifest injustice.

The clerk of this court shall forward a copy of this document to the parties by any receipted means.

**DONE** this 24th day of June, 2018, at McAllen, Texas.

J. SCOTT HACKER
United States Magistrate Judge